1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   Roque Rocky De La Fuente,              ) CASE NO. **CV 16-3242-MWF(GJSx)**
                                            )
12                      Plaintiff(s),       ) ORDER SETTING SCHEDULING
                                            ) CONFERENCE
13        v.                                )
                                            ) **Date:        September 19, 2016**
14   Alex Padilla, et al.,                  ) **Time:        11:00 a.m.**
                                            ) **Courtroom: 1600**
15                      Defendant(s).       )
     _____       )
16

17        **READ THIS ORDER CAREFULLY.  IT DIFFERS IN**

18        **SOME RESPECTS FROM THE LOCAL RULES.**

19        This case has been assigned to Judge Michael W. Fitzgerald.  This matter is

20   set for a scheduling conference on the above date.  If plaintiff has not already

21   served the operative complaint on *all* defendants, plaintiff *promptly* shall do so

22   and shall file proofs of service within three days thereafter.  Defendants also

23   timely shall serve and file their responsive pleadings and file proofs of service

24   within three days thereafter.  At the scheduling conference, the Court will set a

25   date by which motions to amend the pleadings or add parties must be heard.

26        The conference will be held pursuant to Rule 16(b) of the Federal Rules of

27   Civil Procedure.  The parties are reminded of their obligations under Rule

28   26(a)(1) to disclose information (without awaiting a discovery request), and under

1

1  Rule 26(f) to confer on a discovery plan not later than 21 days before the

2  scheduling conference and to e-file a "Joint Rule 26(f) Report" with the Court not

3  later than 14 days before the conference.  Mandatory paper chambers copies of

4  the Joint Rule 26(f) Report must be delivered to Judge Fitzgerald's drop box

5  outside the door of Courtroom 1600 by 12:00 p.m. (noon) on the first court day

6  after the e-filing.

7       The Court encourages counsel to agree to begin to conduct discovery

8  actively *before* the Scheduling Conference.  At the very least, the parties shall

9  comply fully with the letter and spirit of Rule 26(a) and thereby obtain and

10  produce most of what would be produced in the early stage of discovery, because

11  at the Scheduling Conference the Court will impose strict deadlines to complete

12  discovery.

13       **This Court does not exempt parties appearing *in propria persona* from**

14  **compliance with any of the Local Rules, including Local Rule 16.  "Counsel,"**

15  **as used in this order, includes parties appearing *in propria persona*.**

16       **1.     Joint Rule 26(f) Report**

17       The Joint Rule 26(f) Report, which shall be filed **not later than 14 days**

18  before the scheduling conference, shall be drafted by plaintiff (unless the parties

19  agree otherwise), but shall be submitted and signed jointly.  "Jointly"

20  contemplates a single report, regardless of how many separately-represented

21  parties there are.  The Joint Rule 26(f) Report shall specify the date of the

22  scheduling conference on the caption page.  It shall report on all matters described

23  below, which include those required to be discussed by Rule 26(f) and Local Rule

24  26:

25       a.     Statement of the Case:  A short synopsis (not to exceed two pages)

26              of the main claims, counterclaims and affirmative defenses.

27  ///

28       b.     Subject Matter Jurisdiction:  A statement of the **specific** basis of

2

1    federal jurisdiction, including supplemental jurisdiction.

2    c.   Legal Issues:  A brief description of the **key legal issues**, including

3         any unusual substantive, procedural or evidentiary issues.

4    d.   Parties, Evidence, etc.:  A list of parties, percipient witnesses and key

5         documents on the main issues in the case.  For conflict purposes,

6         corporate parties must identify all subsidiaries, parents and affiliates.

7    e.   Damages:  The realistic range of provable damages.

8    f.   Insurance:  Whether there is insurance coverage, the extent of

9         coverage and whether there is a reservation of rights.

10   g.   Motions:  A statement of the likelihood of motions seeking to add

11        other parties or claims, file amended pleadings, transfer venue, etc.

12   h.   Manual for Complex Litigation:  Whether all or part of the

13        procedures of the Manual for Complex Litigation should be utilized.

14   i.   Status of Discovery:  A discussion of the present state of discovery,

15        including a summary of completed discovery.

16   j.   Discovery Plan:  A detailed discovery plan, as contemplated by Rule

17        26(f).  State what, if any, changes in the disclosures under Rule 26(a)

18        should be made, the subjects on which discovery may be needed and

19        whether discovery should be conducted in phases or otherwise be

20        limited, whether applicable limitations should be changed or other

21        limitations imposed, and whether the Court should enter other

22        orders.  A statement that discovery will be conducted as to all claims

23        and defenses, or other vague description, is not acceptable.

24   k.   Discovery Cut-off:  A proposed discovery cut-off date.  *N.B.*  This

25        means the final day for **completion of discovery**, including

26        resolution of all discovery motions.

27   l.   Expert Discovery:  Proposed dates for expert witness disclosures

28        (initial and rebuttal) and expert discovery cut-off under Rule

3

1   26(a)(2).

2   m.   <u>Dispositive Motions</u>:  A description of the issues or claims that any

3         party believes may be determined by motion for summary judgment

4         or motion *in limine*.

5   n.   <u>Settlement/Alternative Dispute Resolution (ADR)</u>:  A statement of

6         what settlement discussions or written communications have

7         occurred (**excluding any statement of the terms discussed**).  If

8         counsel have received a Notice to Parties of Court-Directed ADR

9         Program (Form ADR-08), the case presumptively will be referred to

10        the Court Mediation Panel or private mediation (at the parties'

11        expense).  If the parties jointly desire a settlement conference with

12        the assigned magistrate judge, they should so indicate in their report

13        and the matter will be discussed at the scheduling conference.  No

14        case will proceed to trial unless all parties, including an officer (with

15        full authority to settle the case) of all corporate parties, have

16        appeared personally at an ADR proceeding.

17  o.   <u>Trial Estimate</u>:  A realistic estimate of the time required for trial and

18        whether trial will be by jury or by court.  Each side should specify

19        (by number, not by name) how many witnesses it contemplates

20        calling.  If the time estimate for trial given in the Joint Rule 26(f)

21        Report exceeds four court days, counsel shall be prepared to discuss

22        in detail the estimate.

23  p.   <u>Trial Counsel</u>:  The name(s) of the attorney(s) who will try the case.

24  q.   <u>Independent Expert or Master</u>:  Whether this is a case where the

25        Court should consider appointing a master pursuant to Rule 53 or an

26        independent scientific expert.  (The appointment of a master may be

27        especially appropriate if there are likely to be substantial discovery

28        disputes, numerous claims to be construed in connection with a

4

1      summary judgment motion, a lengthy *Daubert* hearing, a resolution

2      of a difficult computation of damages, etc.).

3          r.    <u>Timetable</u>:  **Complete the Schedule of Pretrial and Trial Dates**

4      **form attached as Exhibit A to this Order and attach it to the**

5      **Joint Rule 26(f) Report.**  The entries in the "Weeks Before Trial"

6      column reflect what the Court believes are appropriate for most cases

7      and will allow the Court to rule on potentially dispositive motions

8      sufficiently in advance of the pretrial conference.  The form is

9      designed to enable counsel to ask the Court to set different (earlier)

10     last dates by which the key requirements must be completed.  Each

11     side should write in the month, day, and year it requests for each

12     event.  *E.g.*, for the expert discovery cut-off it might be "10/15/12"

13     for plaintiff and "10/29/12" for defendant, if they cannot agree.  At

14     the conference, the Court will review this form with counsel.  Each

15     entry proposing Court dates shall fall on a Monday, except the trial

16     date, which is a Tuesday.  Counsel should insure that requested dates

17     do not fall on a holiday.  In appropriate cases the Court will order

18     different dates after it hears from counsel.  The discovery cut-off

19     date is the last day by which all depositions must be completed,

20     responses to previously-served written discovery must be provided,

21     and motions concerning discovery disputes must be heard.  The cut-

22     off date for motions is the last date on which motions may be **heard**,

23     not filed.  The Court is not likely to continue this date and will not

24     do so unless the trial date also is continued.

25         s.    <u>Other issues</u>:  A statement of any other issues affecting the status or

26     management of the case (*e.g.*, unusually complicated technical or

27     technological issues, disputes over protective orders, extraordinarily

28     voluminous document production, non-English speaking witnesses,

1    ADA-related issues, discovery in foreign jurisdictions, etc.) and any

2    proposals concerning severance, bifurcation, or other ordering of

3    proof.

4    The Joint Rule 26(f) Report should set forth the above-described

5 information under section headings corresponding to those in this Order.

6    **2.    Scheduling Conference**

7    Scheduling conferences will be held in Courtroom 1600, 312 North Spring

8 Street.  Counsel shall comply with the following:

9    a.    Participation:  Although the Court would prefer lead trial attorney's

10    attendance at the scheduling conference, it is not required.  However,

11    if lead trial counsel does not attend, any attorney appearing on his or

12    her behalf must be prepared to discuss the case and authorized to

13    address scheduling with the Court and opposing counsel.

14    b.    Continuance:  A continuance of the scheduling conference will be

15    granted only for good cause.

16    **3.    Notice to be Provided by Counsel**

17    Plaintiff's counsel or, if plaintiff is appearing *pro se,* defendant's counsel,

18 shall provide this Order to any parties who first appear after the date of this Order

19 and to parties who are known to exist but have not yet entered appearances.

20    **4.    Disclosures to Clients**

21    Counsel are ordered to deliver to their respective clients a copy of this

22 Order and of the Court's trial order, which will contain the schedule that the

23 Court sets at the scheduling conference.

24 ///

25 ///

26    **5.    Court's Website**

27    Copies of this and all other orders of this Court that may become applicable

28 to this case are available on the Central District of California website, at

1   www.cacd.uscourts.gov, under "Judge's Procedures and Schedules."  Copies of

2   the Local Rules are available on the website.[1]

3

4        The Court thanks the parties and their counsel for their anticipated

5   cooperation in complying with these requirements.

6

7        IT IS SO ORDERED.

8

9   Dated:  August 1, 2016        _____

10                                MICHAEL W. FITZGERALD
                                  United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   [1]  They may also be purchased from one of the following:

26

27   Los Angeles Daily Journal    West Publishing Company    Metropolitan News
     915 East First Street        50 West Kellogg Blvd.       210 South Spring Street

28   Los Angeles, CA 90012        St. Paul, MN 55164-9979     Los Angeles, CA 90012

## JUDGE MICHAEL W. FITZGERALD
## <u>SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET</u>

| Case No. | |
|---|---|
| Case Name | |

| Matter | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|
| [   ] Jury Trial  *or*  [   ] Court Trial **(Tuesday at 8:30 a.m.)**<br><br>Duration Estimate: _____ Days | | | |
| Final Pretrial Conference [LR 16] and Hearing on Motions *In Limine* **(Monday at 11:00 a.m. -- <u>three (3)</u> weeks before trial date)**<br><br>Motions *In Limine* must be filed **<u>three (3) weeks</u>** before this date; oppositions are due **<u>two (2) weeks</u>** before this date; no reply briefs. | | | |

| Event | Weeks Before Trial | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties | | | | |
| Non-Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | | | |
| Expert Disclosure (Initial) | | | | |
| Expert Disclosure (Rebuttal) | | | | |
| Expert Discovery Cut-Off | 14 * | | | |
| Last Date to *Hear* Motions (Monday at 10:00 a.m.) | 14 | | | |
| Last Date to Conduct Settlement Conference | 12 | | | |
| <u>For Jury Trial</u><br>♦ File Memorandum of Contentions of Fact and Law, LR 16-4<br>♦ File Exhibit and Witness Lists, LR 16-5.6<br>♦ File Status Report Regarding Settlement<br>♦ File Motions *In Limine* | 6 | | | |
| <u>For Jury Trial</u><br>♦ Lodge Pretrial Conference Order, LR 16-7<br>♦ File Agreed Set of Jury Instructions and Verdict Forms<br>♦ File Statement Regarding Disputed Instructions, Verdicts, etc.<br>♦ File Oppositions to Motions *In LImine* | 5 | | | |
| <u>For Court Trial</u><br>♦ Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | 3 | | | |

* The parties may choose to cut off expert discovery prior to MSJ briefing.

ADR [LR 16-15] Selection:

☐ Attorney Settlement Officer Panel        ☐ Private Mediation        ☐ Magistrate Judge (with Court approval)

**EXHIBIT A**