UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV-16-3242-MWF (GJS) | **Date:** August 12, 2016 |
| **Title:** | Roque "Rocky" De La Fuente -v- State of California and Alex Padilla | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [16]

On August 9, 2016, Plaintiff Roque "Rocky" De La Fuente filed an Ex Parte Application for Temporary Restraining Order as to Injunction Enjoining California Secretary of State from Enforcing §§ 8400 and 8403 Against Plaintiff (the "Application"). (Docket No. 16). Defendant Alex Padilla filed an Opposition the following day. (Docket No. 17).

Having carefully read and considered the papers on the Application, the Application is **DENIED** for the reasons set forth below.

### Background

Plaintiff is a candidate running for President of the United States. (Complaint ¶ 3 (Docket No. 1)). On May 11, 2016, Plaintiff initiated this action under 42 U.S.C. § 1983 to challenge the constitutionality of sections 8400 and 8403 of the California Elections Code. (*Id.* ¶¶ 16–22). Under these provisions, an independent (non-party) presidential candidate seeking to have his name printed in the November 2016 General Election ballot in California must submit the signatures of at least one percent of the number of California voters in the last General Election. Cal. Elec. Code §§ 8400, 8403. Plaintiff argues that this requirement violates the Elections Clause, Privileges and Immunities Clause, First Amendment, and Fourteenth Amendment of the United States Constitution. (Complaint ¶¶ 12–15).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-3242-MWF (GJS)              Date:  August 12, 2016
Title:       Roque "Rocky" De La Fuente -v- State of California and Alex Padilla

### Discussion

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions, and courts apply the same standards to both. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking injunctive relief must show that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest. *Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7 (2008)).

A plaintiff must "make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit employs the "serious questions" version of the "sliding scale" approach when applying the four-element *Winter* test. *Id.* at 1134. "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

Here, Plaintiff fails to demonstrate a likelihood of success on the merits or even a "serious question" going to the merits. Similar legal challenges have been rejected by the Ninth Circuit. *See Nader v. Cronin*, 620 F.3d 1214 (9th Cir. 2010) (affirming the district court's grant of summary judgment in favor of Hawaii's Chief Election Officer and holding that legitimate state interests justify Hawaii's one-percent signature requirement imposed on independent candidates).

In *Nader*, the Ninth Circuit held that "the burden on independent presidential candidates seeking access to Hawaii's ballot is low" when the candidates "need [to] obtain the signatures of only one percent of voters in the previous presidential election." *Id.* at 1217. Therefore, "[t]he state need demonstrate only a legitimate state interest" in the signature requirement to withstand judicial scrutiny. *Id.* at 1218. "[T]he Supreme Court consistently has held that states have 'a legitimate interest in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-16-3242-MWF (GJS)**            **Date:  August 12, 2016**
**Title:**        Roque "Rocky" De La Fuente -*v*- State of California and Alex Padilla

regulating the number of candidates on the ballot . . . to prevent the clogging of its election machinery, avoid voter confusion, and assure that the winner is the choice of a majority, or at least a strong plurality, of those voting, without the expense and burden of runoff elections.'"  *Id.* (quoting *Bullock v. Carter,* 405 U.S. 134, 145 (1972)).  The Ninth Circuit held that these interests thus justify Hawaii's one-percent requirement imposed on independent candidates for president.  *Id.*

Here, the Court discerns no meaningful difference between the one-percent requirement in *Nader* as compared to the one-percent requirement in this case.  Under *Nader*, California need only present a legitimate interest regarding the one-percent signature requirement.  And the Supreme Court has repeatedly recognized that the state interest here—regulating the number of candidates on the ballot—is a legitimate one.  Plaintiff neither cites *Nader* nor argues that *Nader* is distinguishable.  Plaintiff's claims face an insurmountable obstacle given this binding precedent.

The only cases that Plaintiff cites are distinguishable.  *See Nader v. Brewer*, 531 F.3d 1028, 1030 (9th Cir. 2008) (applying ***strict scrutiny*** to Arizona's requirements that circulators of nomination petitions be residents of Arizona and that nomination petitions be filed at least 90 days before the primary election); *Green Party of Georgia v. Kemp*, No. 1:12-CV-01822-RWS, 2016 WL 1057022, at *15 (N.D. Ga. Mar. 17, 2016) (applying ***strict scrutiny*** to a similar one-percent requirement in Georgia).

Because Plaintiff is not likely to prevail on the first element, the Application is denied, and the Court declines to and need not address the remaining elements.  *See Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) ("[W]hen we agree with the district court that a plaintiff has failed to show the likelihood of success on the merits, we 'need not consider the remaining three [*Winter* elements].'" (citation omitted)).

Accordingly, the Application is **DENIED**.

IT IS SO ORDERED.