Lucas Mundell  (SBN 310367)
Scudi & Ayers, LLP
5440 Morehouse Dr., Suite 45
Phone: (858)-558-1001
Fax: (858) 558-1122
Lucas@rdlfg.com
Attorney for Plaintiff,
Roque "Rocky" De La Fuente

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| "Rocky" Roque De La Fuente,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; and ALEX PADILLA, California Secretary of State,<br><br>Defendants. | Case No. 2:16-CV-03242-MWF-GJS<br><br>MOTION FOR LEAVE TO AMEND ORIGINAL COMPLAINT<br><br>Courtroom:1600<br>Judge:    Hon. Michael W. Fitzgerald |

NOW COMES Plaintiff Roque "Rocky" De La Fuente and hereby respectfully moves the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file an Amended Complaint, a copy of which is attached hereto.  The new complaint maintains the counts and allegations against the same Defendants from the original complaint, but accounts for the damages suffered by Mr. De La Fuente as a direct result of Defendants' willful violation of his First and Fourteenth Amendment rights.   Plaintiff has conferred telephonically with

1

Defendant's counsel, who agreed to consider a stipulation, but at the time of this filing Defendant's counsel was unable to offer consent to amend the Complaint.

## STATEMENT OF THE CASE

Plaintiff, Roque "Rocky" De La Fuente is a citizen of the United States desiring to have his name put on the 2016 Presidential ballot in California.  On May 11, 2016, Mr. De La Fuente initiated an action in the U.S. District Court for the Central District of California under 42 U.S.C. § 1983 to challenge the constitutionality of §§ 8400 and 8403 of the California Elections Code. Per these provisions an independent presidential candidate seeking to have his name printed on the November 8, 2016 General Election ballot in California must submit the signatures of at least one percent of the number of California voters (178,039 signatures) in the last General Election.[1] Mr. De La Fuente contends that this requirement violates the Elections Clause, Privileges and Immunities Clause, First Amendment, and Fourteenth Amendment of the United States Constitution.

California counties are responsible for the design and printing of their own respective ballots.[2]  Accordingly, all counties can choose when to print ballots at their discretion.  It follows that one or several counties could begin printing their ballots immediately.  Once those ballots are printed without Mr. De La Fuente's

---

[1] Cal. Elec. Code §§ 8400, 8403.

[2] http://www.sos.ca.gov/elections/voting-systems/certification-and-approval/ballot-printer-certification/.  Last visited October 31, 2016.

name, he will be unable to have them destroyed and reprinted before the election commences on November 8, 2016.  While elections are moving towards electronic interface, printed ballots and absentee ballot are still pervasive and represent a significant portion of voter submissions.[3]

270 electoral votes are required to win the presidential election.[4]  California contributes 55 electoral votes, or just over 20% of the electoral votes required to win.[5]  California holds over 10% of all electoral votes available nationwide.[6]  A California ballot printed without Mr. De La Fuente's name would be a devastating and unconstitutional blow to Mr. De La Fuente's nationwide campaign.

Presidential campaigns are expensive and Mr. De La Fuente has spent exhaustive amounts of money in support of his campaigning efforts in California. If, after such drastic expenditure, Mr. De La Fuente is unconstitutionally procedurally barred from the California Presidential ballot, he will have suffered severe financial injury directly at the hands of the Defendants.

Due to a misinterpretation of the Court's "Order Re: Deadlines", an error was made in the calculation of deadline to move the Court for Leave to Amend. The

---

[3] http://www.sos.ca.gov/elections/elections-officers-digest-2016/voting-systems/. Last visited on October 31, 2016

[4] https://www.archives.gov/federal-register/electoral-college/allocation.html. Last visited on October 31, 2016.

[5] Id.

[6] Id.

original deadline to amend the pleadings had passed yesterday, October 31, 2016. Upon notice and in anticipation of the passing deadline, Plaintiff's counsel attempted to contact the court regarding the misunderstanding that very same day. Plaintiff's counsel also conferred with opposing counsel, Mr. Jonathan Eisenberg, that very same day.  Plaintiff's counsel spoke with the Clerk of the Court, Ms. Rita Sanchez, today, who advised counsel to submit the Motion for Leave to Amend for Court consideration while concurrently awaiting consent to stipulation from opposing counsel.  Plaintiff's counsel made all reasonable efforts to cure the error at the time, and now respectfully submits this motion for the Court's consideration.

## ARGUMENT

### I. PLAINTIFF HAS MET THE STANDARD FOR OBTAINING LEAVE TO FILE AN AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). In light of Mr. De La Fuente's significant, continued campaign efforts and expenditures since he filed suit in May of this year, good cause for amending the Complaint is immediately apparent. Defendants will in no way be prejudiced if the changes are allowed at this point in the proceedings. Additionally, there is no apparent reason for denying the motion to amend, as none of the factors that may

militate against it are present in this case. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should therefore grant Mr. De La Fuente's motion.

Mr. De La Fuente's original focus was simply to enforce his qualification for the California presidential ballot.  Only after a timely consideration of the impending election, was Mr. De La Fuente forced to consider that he may actually, but wrongfully, be omitted from the ballot.  Upon this omission, Mr. De La Fuente will suffer real and measurable financial damages.   Justice requires that Mr. De La Fuente be permitted to seek redress for these injuries.

Mr. De La Fuente deserves to have his day in court and to have his case be heard on the merits.  Upon a successful challenge to California's ballot access statutes, Mr. De La Fuente deserves to seek any and all measures of relief that are available to mitigate his injury.   Allowing Plaintiff to add prayer for compensatory adds no known prejudice to Defendants.  Discovery has not yet commenced, and is expected to be simple.

//

//

//

//

Per Local Rule 15.1, Mr. De La Fuente's proposed Amended Complaint is attached with the additional clause underlined.  Mr. De La Fuente prays this Court grants him Leave to Amend his original Complaint to account for compensatory damages he has wrongfully suffered.

Respectfully submitted, this 1st day of November,

/s/  Lucas Mundell
Lucas Mundell (SBN 310367)
Attorney for Plaintiff, Mr. De La Fuente
Scudi & Ayers, LLP
5440 Morehouse Drive # 4400
San Diego, California 92121
Lucas@RDLFG.com

1

## <u>SERVICE</u>

2

3

Plaintiff's Motion for Leave to Amend and Amended Complaint are being

4

filed electronically. Defendants' counsel is a registered CM/ECF user and,

5

pursuant to Local Rule 5-3.2.1, service is not required at this time. As a

6

7

professional courtesy to opposing counsel, this motion and the corresponding

8

amended pleadings were emailed to Jonathan Eisenberg, Deputy Attorney General,

9

at <u>Jonathan.Eisenberg@doj.ca.gov</u> on November 1, 2016.

10

11

12

Dated: November 1, 2016

13

                                       By:   <u>/s/ Lucas Mundell</u>

14

                                                 Lucas Mundell

15

                                                   Scudi & Ayers, LLP

16

                                                   Attorney for Plaintiff,

17

                                                   ROQUE "ROCKY" DE LA FUENTE

18

19

20

21

22

23

24

25

26

27

28