Lucas Mundell (#310367)
Scudi & Ayers, LLP
5440 Morehouse Dr. Suite 4400
Phone: (858)-558-1001
Fax: (858) 558-1122
Lucas@rdlfg.com
Attorney for Plaintiff
Roque "Rocky" De la Fuente

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

LOS ANGELES

| | |
|---|---|
| Roque "Rocky" De La Fuente,<br><br>Plaintiff,<br><br>v.<br><br>State of California and Alex Padilla, California Secretary of State<br><br>Defendant. | CASE NO: 2:16-CV-03242-MWF-GJS<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1) Violation of the Due Process Clause – 42 U.S.C. § 1983 - Undue Burden<br><br>JURY TRIAL REQUESTED |

**PLAINTIFF'S COMPLAINT**

**JURISDICTION & VENUE**

1. This is an action for legal and equitable relief pursuant to 42 U.S.C. §1983 for violation of Plaintiffs rights under the First and Fourteenth Amendments to the United States Constitution and for violation of the "Elections" Clause of Article I, Section 4, of the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1367.

1

# PARTIES

3. Plaintiff Roque "Rocky" De La Fuente ("De La Fuente") is a candidate for President of the United States desiring to have his name put on the 2016 Presidential ballot in California. De La Fuente meets all the statutory requirements to place his name on the ballot except for the petition requirements of California Election Code section 8400.

4. Defendant, Alex Padilla is the Secretary of State of California and is the supervisor and director of all election matters in California.

5. The State of California is responsible for the statutory scheme in question.

# ELECTION STATUTES IN QUESTION

1. California Elections Code ("Cal Elec Code") § 8400 sets out the number of required signatures an Independent presidential candidate needs to submit to the California Secretary of State to be placed on the general election ballot:

   Nomination papers for a statewide office for which the candidate is to be nominated shall be signed by voters of the state equal to not less in number than 1 percent of the entire number of registered voters of the state at the time of the close of registration prior to the preceding general election.

2. For the 2016 general election, 1 percent of the entire number of registered voters of the state at the time of the close of registration prior to the preceding general election is 178,039.[1]

3. California Election Code § 8403 provides the time period for which petitions may be circulated :

For offices for which no filing fee is required, nomination papers shall be prepared, circulated, signed, and delivered to the county sections official for examination no earlier than 193 days before the election and no later than 5 p.m. 88 days before the election.

4. For the 2016 general election, the dates referenced in the previous paragraph fall on April 29, 2016, and August 12, 2016, giving an Independent candidate just 105 days to gather the required 178,039 signatures.

5. No statewide independent has qualified in the California general election since Ross Perot in 1992.

6. De La Fuente enjoys a significant modicum of support nationally and in the State of California.

**CONSTITUTIONAL PROVISIONS**

7. Article I, Section 4, of the United States Constitution, commonly referred to as the "Elections Clause," provides, in relevant part:

---

[1] In the October 2015 edition of Ballot Access News, ballot access expert Richard Winger estimated that an independent presidential candidate in 2016 would need to collect 178,039 signatures in California in order to get on the ballot. https://ballotpedia.org/Ballot_access_requirements_for_presidential_candidates_in_California

The Times, Places, and Manner of holding Elections for Senators and representatives, shall be prescribed in each State by the Legislature thereof...

8. Article 4, Section 2, of the United States Constitution provides:

The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States.

9. The First Amendment of the United States Constitution provides:

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people to peaceably assemble, and to petition the government for a redress of grievances.

10. The Fourteenth Amendment of the United States Constitution provides, in relevant part:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

///

///

///

# COUNT 1
**Declaratory, Injunctive, <u>and Compensatory</u> Relief - 42 U.S.C. § 1983 – Violation of the Due Process Clause – Undue Burden**

11. Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained in paragraphs above.

12. In order to prevail on a §1983 claim Plaintiffs must show that: (1) the conduct complained of was committed by a person acting under the color of state law: and (2) the conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

13. Defendant, Alex Padilla, acting under color of state law, is imposing a law that unduly burdens Plaintiff and deprives him and those who would vote for him the fundamental right to vote for their candidate in public office.

14. Cal Elec Code § 8400 establishes that an Independent candidate must obtain signatures from 1 percent of registered voters of the state at the time of the close of registration prior to the preceding general election.

15. Cal Elec Code § 8403 establishes that an Independent candidate may only circulate petitions during the 105 day period of 193 days before the election to 88 days before the election.

///

///

16. These petition requirements are in excess of those that satisfy constitutional standards and unduly infringe upon the constitutional rights of the Plaintiffs to fully and properly participate in the electoral process.

**WHEREFORE**, Plaintiffs ask that the Court enter judgment:

A. Declaring that California's statutory scheme unconstitutionally infringes upon the Plaintiff's right to ballot access and to participate in the electoral process;

B. Declaring that the California statutory requirements impose an unduly and unjustifiable burden on Independent presidential candidates;

C. Declaring that California has no compelling interest in imposing the statutory restrictions upon Independent presidential candidates; and that such burden on Independent candidates outweighs any interest the State may have in requiring Independent candidates to amass signatures of 1 percent of the registered voters by its deadline;

D. Declaring that California's statutory scheme violates the Equal Protection Clause;

E. Enjoining this statutory scheme;

F. Ordering that De La Fuente be placed on the 2016 Presidential Ballot in California;

G. <u>Granting De La Fuente judgment for compensatory damages against Defendants in an amount reasonable and commensurate with the losses imposed upon him by Defendants' unlawful acts;</u>

6

H. Granting De La Fuente such other and further relief as to which he may be entitled and which the Court may deem equitable and just;

I. Awarding attorney fees and costs.

Respectfully Submitted,

s/Lucas Mundell

Lucas Mundell

Attorney for Plaintiff