**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ROQUE ROCKY DE LA FUENTE, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ALEX PADILLA, California Secretary of State and STATE OF CALIFORNIA, <br><br> Defendants-Appellees. | No.   16-56261 <br><br> D.C. No. <br> 2:16-cv-03242-MWF-GJS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted March 10, 2017
Pasadena, California

Before:  PAEZ, BERZON, and CHRISTEN, Circuit Judges.

Roque "Rocky" De La Fuente ("De La Fuente") sought to have his name

listed as an independent presidential candidate on the November 2016 California

general election ballot.  He refused, however, to comply with California Elections

Code §§ 8400 and 8403 ("Sections 8400 and 8403"), which impose signature

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

requirements on aspiring independent presidential candidates.  Pursuant to 42

U.S.C. § 1983, De La Fuente filed a lawsuit against California Secretary of State

Alex Padilla ("Secretary") and the State of California, challenging Sections 8400

and 8403 as unconstitutional under the First and Fourteenth Amendments, as well

as under the Elections Clause, U.S. Const. art. I, § 4, cl. 1.

In August 2016, De La Fuente filed a motion for a preliminary injunction,

seeking to enjoin the Secretary from enforcing Sections 8400 and 8403 against

him, and from printing the November 2016 general election ballot without De La

Fuente's name listed as a candidate for President of the United States.  The district

court denied De La Fuente's motion, concluding that he failed to demonstrate a

likelihood of success on the merits.

De La Fuente appealed the district court's order denying his motion for a

preliminary injunction.  A motions panel of this court denied De La Fuente's

emergency motion for an injunction pending appeal.  The Secretary did not include

De La Fuente's name on the November 2016 general election ballot, and now

argues that this appeal is moot.  We agree, and therefore dismiss the appeal.

"The court . . . has no jurisdiction over an appeal that has become moot."

*Akina v. Hawaii*, 835 F.3d 1003, 1010 (9th Cir. 2016) (per curiam).  "An

interlocutory appeal of the denial of a preliminary injunction is moot when a court

can no longer grant any effective relief sought in the injunction request." *Id.* In

this case, we no longer may grant any effective relief. The November 2016 general

election is over, and there is no present risk that Sections 8400 and 8403 will be

applied to De La Fuente.

Although there is an exception to the mootness doctrine for "disputes that

are capable of repetition, yet evading review," *id.* at 1011 (internal quotation marks

omitted), that exception has no applicability in this instance. Indeed, "[t]hat

exception is reserved for extraordinary cases in which (1) the duration of the

challenged action is too short to be fully litigated before it ceases, and (2) there is a

reasonable expectation that the plaintiffs will be subjected to the same action

again." *Id.* (internal quotation marks omitted). Here, even assuming that De La

Fuente intends to run as an independent presidential candidate in 2020, there is

ample time to resolve his challenge to Sections 8400 and 8403 prior to that

election.

In dismissing the appeal as moot, we express no opinion on the merits of the

district court's order. Because we dismiss the appeal, the Secretary's motion for

judicial notice (Dkt. No. 16) is denied as moot.

**DISMISSED.**