1 | XAVIER BECERRA
Attorney General of California
2 | STEPAN A. HAYTAYAN
Supervising Deputy Attorney General
3 | AMIE L. MEDLEY
Deputy Attorney General
4 | JONATHAN M. EISENBERG
Deputy Attorney General
5 | State Bar No. 184162
  300 South Spring Street, Suite 1702
6 | Los Angeles, CA  90013
  Telephone:  (213) 897-6505
7 | Fax:  (213) 897-5775
  E-mail:  Jonathan.Eisenberg@doj.ca.gov
8 | *Attorneys for Alex Padilla,
California Secretary of State*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION, FIRST STREET COURTHOUSE

| | |
|---|---|
| **ROQUE "ROCKY" DE LA FUENTE,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA AND ALEX PADILLA, CALIFORNIA SECRETARY OF STATE,**<br><br>Defendants. | 2:16-cv-03242-MWF-GJS<br><br>**OPPOSITION TO EMERGENCY EX PARTE APPLICATION FOR ORDER STRIKING MOTION FOR JUDGMENT ON THE PLEADINGS, OR, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**<br><br>Crtrm:       5A<br>Judge:       Hon. Michael W. Fitzgerald<br>Trial Date:  August 15, 2017<br>Action Filed: May 24, 2016 |

## INTRODUCTION

For three reasons, this Court should deny the emergency ex parte application of Plaintiff Roque ("Rocky") De La Fuente to strike—as untimely—the May 4, 2017, motion of Defendant Alex Padilla, California Secretary of State (the "Secretary"), for judgment on the pleadings, or, alternatively, for summary judgment (the "Motion"; Dkt. #s 49-54). *First*, the Motion is timely. *Second*, even if the Motion is untimely, it would not serve the interests of justice or judicial economy to grant this emergency ex parte application and thereby to force this case—which De La Fuente and the Secretary agree concerns questions of pure law, and cannot be settled by a compromise—to go to trial. *Third*, the Court could and should instead grant De La Fuente's requested alternative relief of modifying the briefing and hearing schedule for the Motion and, possibly, other case deadlines.

## RELEVANT BACKGROUND

This Court's September 16, 2016, order regarding jury trial (the "Order"; Dkt. # 23), setting forth the case schedule, contains the deadline that De La Fuente and the Secretary are interpreting differently, causing the present dispute. As De La Fuente argued in his emergency ex parte application, he has understood the May 8, 2017, deadline in the Order's chart of deadlines to cover *all* motions in the case. The Secretary has understood, to the contrary, that the May 8, 2017, deadline applies to only discovery motions—meaning that the Motion is timely.

## ARGUMENT

**I. THE SECRETARY'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT IS TIMELY**

For three reasons all stemming from the Order, the Motion is timely, and this emergency ex parte application should be denied.

*First*, the Order's chart of deadlines lists four consecutive discovery deadlines, followed immediately by a deadline for the hearings of motions. Order at 1:5-1:10. The close proximity of these five deadlines, in both time and

placement on the chart, indicates that not just the first four but all of the deadlines concern discovery. Also, that fifth deadline of May 8, 2017, is four weeks after the last of the other four discovery deadlines, April 11, 2017 (governing one of the two (non-expert and expert) discovery cut-offs). *See id.* at 1:9. Four weeks is precisely the right amount of time for a motion to be briefed and heard (L.R. 6-1 ("The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing. . .")), further reinforcing the implication that the fifth deadline is related to the ending of discovery and thus encompasses discovery motions (and does not cover all motions, as De La Fuente contends).

*Second*, the same chart in the Order gives a separate, later hearing date of July 24, 2017, for motions in limine. *Id.* at 1:18-1:19. The May 2017 deadline literally cannot cover all motion hearings, and must be limited to discovery motions, because there is a later (July 2017) deadline for motions in limine to be heard.

*Third*, the Order does not expressly mention deadlines for either motions for judgment on the pleadings or motions for summary judgment, both of which motions have default deadlines—set forth in Federal Rule of Civil Procedure 12(c), for the former kind of motion, and Federal Rule of Civil Procedure 56(b), for the latter kind of motion—that remain in effect, and have not passed in this case, unless changed by the Court. The Order's silence as to the deadlines for those two possible motions means that their default deadlines from the Federal Rules of Civil Procedure do remain in effect, and have not been changed such that May 8, 2017, was the last date for a hearing on either such motion.

II. **EVEN IF THE MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT IS UNTIMELY, THE COURT SHOULD HEAR AND DECIDE THAT MOTION**

In mid April 2017, the Secretary re-read the Order and realized that it could reasonably be construed differently, such that, in most scenarios, discovery motions would have to been filed by no later than late February 2017 (because the Order

1   stated that such motions were required to be resolved in time for any relief to be
2   effectuated by the dual April 2017 discovery cut-offs (*id.* at 2:8-2:10, 2:18-2:27
3   ))—implying that the May 2017 motion deadline was not exclusive to discovery
4   motions.

5   At that point, the Secretary's counsel, in an abundance of caution, contacted
6   De La Fuente's counsel to confirm that the two parties agreed that the May 2017
7   deadline applied to only discovery motions.[1] The Secretary expected such
8   agreement not only because of the persuasive interpretation of the deadline to that
9   effect, explicated in the previous section of this brief, but also because of the
10  Secretary's understanding that De La Fuente also planned to file his own
11  (offensive) motion for summary judgment. De La Fuente had indicated that he
12  would do so in the parties' September 2, 2016, joint Federal Rule of Civil
13  Procedure 26(f) report. Dkt. # 21 at 7:16-7:18 ("Plaintiff anticipates that the
14  constitutionality of the additional requirements imposed by the California Elections
15  Code §§ 8400, 8403 may be determined by motion for summary judgment."). If De
16  La Fuente had believed that the deadline for all motions to be heard was May 8,
17  2017, then any such motion would have had to be filed four weeks earlier, in mid
18  April 2017, and De La Fuente had not given any indication that he had just filed or
19  was about to file such a motion, to meet the claimed deadline. Nonetheless, to the
20  Secretary's counsel's surprise, De La Fuente's counsel disagreed with the
21  Secretary's counsel's interpretation of the deadline, and stated the alternative
22  interpretation re-asserted in the emergency ex parte application.

23  Now aware of a possible conflict, the Secretary proposed that De La Fuente

---

[1] It is demonstrably false that, as De La Fuente now contends, in the April 2017 communication of counsel, the Secretary's counsel conceded that the deadline for *all* motions had passed. The Secretary's counsel's April 12-13, 2017, e-mail exchange with De La Fuente's counsel, attached as the first exhibit to the accompanying declaration of Jonathan M. Eisenberg, proves that the Secretary is correctly representing those events as lacking any such concession, and that De La Fuente's counsel has misremembered the events.

join in a stipulation to clarify *or* to change the deadline for potentially case-dispositive motions. (Exhibit 1 to the accompanying declaration of Jonathan M. Eisenberg ("Eisenberg Decl.").) De La Fuente's counsel first stated in writing that he was inclined to make such a stipulation (Eisenberg Decl., Exh. 3), but later declined to sign the stipulation (Eisenberg Decl., Exh. 4). Shortly thereafter, the Secretary prepared and filed the Motion.

If the Secretary has misunderstood the Order and thereby filed the Motion late, then the Secretary respectfully requests that the Court grant relief from this mistake and decide the Motion on the merits. The Court has this power under Federal Rule of Civil Procedure 60(b). *M.D. by and through Doe v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 642 (9th Cir. 2016). The factors to consider include but are not limited to the following: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Id.*

In this case, all four express factors, plus another consideration, weigh in favor of granting relief:

*First*, the lack of prejudice to De La Fuente is revealed in his willingness, expressed in his emergency ex parte application, to accept merely modifying, by 30 days, the briefing and hearing schedule for the Motion, rather than striking the Motion. *See*, *e.g.*, Dkt. # 56 at 2:7-2:9. Indeed, De La Fuente believes that this case should be decided by a motion, not a trial. Dkt. # 21 at 7:16-7:18. As a matter of law, under *Morris v. Williams*, 433 P.2d 697, 699 (Cal. 1967), the Secretary cannot compromise in this case about administering California election statutes by agreeing to abide by De La Fuente's urged interpretation of the statutes. The Court has acknowledged this truth by relieving the parties of the obligation to participate in alternative dispute resolution. Dkt. # 46. In sum, there would be more, not less, prejudice to the Court and to the parties if the Court were to grant this emergency

1  ex parte application and thereby to force a trial about pure questions of election law,
2  instead of resolving the matter efficiently by motion.
3    *Second*, the length of the delay is relatively short. Even if the Court does not
4  modify the briefing and hearing schedule for the Motion, De La Fuente still has had
5  the normal amount of time to oppose the Motion, and the Court will have more than
6  two months after the June 5, 2017, oral argument on the Motion to decide it (see
7  Dkt. # 49 at 1:25-2:5), before trial begins on August 15, 2017 (Dkt. #23 at 2:19).
8    *Third*, the reason for the delay is benign; the Secretary's counsel interpreted
9  the deadline in question reasonably and acted on that reasonable interpretation.
10    *Fourth*, the Secretary acted in good faith, as is demonstrated above and is
11  uncontested (not withstanding De La Fuente's new assertions that the Order is
12  unambiguous as to the meaning of the disputed deadline; *see*, *e.g.*, Dkt. # 56 at 2:4-
13  2:7.).
14    *Finally*, the Secretary notes that the Court has previously in this case granted
15  De La Fuente relief from a deadline in the Order. The Court permitted De La
16  Fuente to amend the complaint after the Order deadline for amending the pleadings
17  had passed. *Compare* Dkt. #23 at 1:3 (setting pleadings-amendment deadline of
18  Oct. 31, 2016) *with* Dkt. # 29 (granting De La Fuente leave to amend complaint by
19  Nov. 4, 2016).

20  **III. THE COURT SHOULD GRANT THE ALTERNATIVE RELIEF OF CHANGING CASE DEADLINES**
21  
22    If the Court is not inclined to deny the emergency ex parte application
23  outright, then the Court should grant the alternative relief that De La Fuente seeks
24  of changing the briefing and hearing deadlines for the Motion, and, perhaps, other
25  case deadlines. The Secretary does not object if, specifically, and as requested by
26  De La Fuente, the remaining deadlines on the Motion are extended by 30 days, and
27  all other case deadlines are extended by 60 days.
28

## CONCLUSION

For the foregoing reasons, the Court should deny De La Fuente's emergency ex parte application outright or grant only the alternative relief, deadline modifications, sought in the application.

Dated: May 12, 2017

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
STEPAN A. HAYTAYAN
Supervising Deputy Attorney General
AMIE L. MEDLEY
Deputy Attorney General

/s/ Jonathan M. Eisenberg
JONATHAN M. EISENBERG
Deputy Attorney General
*Attorneys for Alex Padilla, California Secretary of State*

6

Opp. to Emergency Ex Parte Applic. (2:16-cv-03242-MWF-GJS)