UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT
10/23/2017
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

## NOTICE OF DOCUMENT DISCREPANCIES

To: ☒ U.S. District Judge / ☐ U.S. Magistrate Judge  Michael W. Fitzgerald

From: Cheryl Wynn, Deputy Clerk      Date Received: October 20, 2017

Case No.: CV 16-3242-MWF      Case Title: De La Fuente v. Padilla, et al.

Document Entitled: October 4, 2017 letter from Richard Winger

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

- ☐ Local Rule 5-4.1 — Documents must be filed electronically
- ☐ Local Rule 6-1 — Written notice of motion lacking or timeliness of notice incorrect
- ☐ Local Rule 7-19.1 — Notice to other parties of ex parte application lacking
- ☐ Local Rule 7.1-1 — No Certification of Interested Parties and/or no copies
- ☐ Local Rule 11-3.1 — Document not legible
- ☐ Local Rule 11-3.8 — Lacking name, address, phone, facsimile numbers, and e-mail address
- ☐ Local Rule 11-4.1 — No copy provided for judge
- ☐ Local Rule 11-6 — Memorandum/brief exceeds 25 pages
- ☐ Local Rule 11-8 — Memorandum/brief exceeding 10 pages shall contain table of contents
- ☐ Local Rule 15-1 — Proposed amended pleading not under separate cover
- ☐ Local Rule 16-7 — Pretrial conference order not signed by all counsel
- ☐ Local Rule 19-1 — Complaint/Petition includes more than 10 Does or fictitiously named parties
- ☐ Local Rule 56-1 — Statement of uncontroverted facts and/or proposed judgment lacking
- ☐ Local Rule 56-2 — Statement of genuine disputes of material fact lacking
- ☒ Local Rule 83-2.5 — No letters to the judge
- ☐ Fed. R. Civ. P. 5 — No proof of service attached to document(s)
- ☐ Other:

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

### ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____   _____
Date                          U.S. District Judge / U.S. Magistrate Judge

☒ The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.* Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

October 23, 2017          /s/ Michael W. Fitzgerald
Date                          U.S. District Judge / U.S. Magistrate Judge

* The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

**COPY 1 -ORIGINAL-OFFICE      COPY 2 -JUDGE      COPY 3 -SIGNED & RETURNED TO FILER      COPY 4 -FILER RECEIPT**

CV-104A (06/13)      NOTICE OF DOCUMENT DISCREPANCIES

Bx 470296
San Francisco Ca 94147
Oct. 4, 2017

Hon. Michael W. Fitzgerald, Courtroom 5A
c/o Clerk, U.S. District Court
First Street Courthouse
350 W. First St. #4311
Los Angeles, Ca 90089

Dear Judge Fitzgerald:         RE: De La Fuente v Padilla, 16cv-3242

Page 13 of your October 4, 2017 decision contains factual errors about the laws of other states for independent presidential candidates.

Arizona is not 3% of the number of registered voters; it is 3% of the number of independents; however any registered voter may sign. See the enclosure showing Arizona section 16-341.F.

Maryland is not 1% of the number of registered voters; it is exactly 10,000. See the enclosure showing section 5-703. 10,000 is less than one-fourth of 1% of the voters.

Minnesota is not 1% of the last vote cast; it is exactly 2,000 signatures. See the enclosure showing 204B.08.

Oklahoma does not require any petition for independent presidential candidates who pay a filing fee. See the enclosed copy of SB 145, signed in June 2017 by the Governor. See page four of the bill, section 4.e.

Pennsylvania is not 2%; it is exactly 5,000 signatures, per court order, *Constitution Party of Pa. v Cortes*, e.d. 5:12cv-2726. See the enclosed Pennsylvania Elections Division statement of the 2016 requirements, sent to me today by Cassandra Moore, who works there, 717-787-5280, camoore@pa.gov.

I understand a letter from me is not the best way to get this information to you, but Rocky De La Fuente's attorneys are not available to me. I have met California's attorney in this case, Jonathan Eisenberg, at my deposition, and I trust he will be supportive of the intent of this letter, which is to improve accuracy. I am sending a copy of this letter and the attachments to him and to De La Fuente's attorneys, Lucas Mundell and Paul Rossi.

                              Sincerely yours,

                              Richard Winger

2

## SIGNATURE REQUIREMENTS FOR STATEWIDE OFFICES
## GENERAL ELECTION - NOVEMBER 8, 2016

| Office | Signatures |
|---|---|
| President of the United States | 5,000 |
| United States Senator | 5,000 |
| Attorney General | 2,500, including at least 250 from each of at least five counties. |
| Auditor General | 2,500, including at least 250 from each of at least five counties. |
| State Treasurer | 2,500, including at least 250 from each of at least five counties. |

\*These signature requirements have been updated as a result of a federal distict court order that established new signature requirements for nomination papers filed by statewide candidates from the Constitution Party, the Green Party and the Libertarian Party. *See* Order, *Constitution Party v. Cortés*, No. 12-2726, Doc. No. 97 (E.D. Pa. June 30, 2016). Because having different nomination requirements for different political bodies raises equal protection concerns under both the Federal and State Constitutions, and because other political bodies would likely be able to obtain relief similar to that already afforded to the *Constitution Party* plaintiffs, **the Secretary of the Commonwealth has decided to apply the new signature requireemnts to all nomination papers submitted by statewide political body candidates.** However, notwithstanding the decision of the Secretary of the Commonwealth to apply the lower signature requirement to all nomination papers for all political bodies for statewide candidates, it remains possible that individual qualified electors may file objections to nomination papers in court on the basis that the federal court order does not expressly apply to statewide political body candidates other than the three political bodies who brought the litigation. In the event that objections to a nomination paper were filed by a qualified elector, the court would determine on its own authority whether to enforce the signature requirement imposed by section 951(b).

OKLAHOMA

# An Act

ENROLLED SENATE
BILL NO. 145

By: Fields and Holt of the
Senate

and

Echols of the House

An Act relating to elections; amending 26 O.S. 2011, Sections 10-101 and 10-101.1, which relate to presidential elections; modifying procedures and dates for nomination of Presidential Electors by political party; modifying procedure for independent candidate or candidate of unrecognized political party and Presidential Electors pledged thereto; providing for petition or filing fee; repealing 26 O.S. 2011, Section 10-101.2, which relates to Presidential Electors pledged to nominee of unrecognized political party; and providing an effective date.

SUBJECT: Presidential elections

BE IT ENACTED BY THE PEOPLE OF THE STATE OF OKLAHOMA:

SECTION 1.   AMENDATORY   26 O.S. 2011, Section 10-101, is amended to read as follows:

Section 10-101. A. The nominees for Presidential Electors of any recognized political party shall be selected at a ~~statewide~~ convention of ~~said~~ the party in a manner to be determined by ~~said~~ the party.

B. The nominees for Presidential Electors shall be certified by ~~said~~ the party's ~~chairman~~ chair to the Secretary of the State Election Board no ~~fewer than ninety (90) days nor more than one hundred eighty (180) days from the date of the General Election at~~

OKLAHOMA

            information required by the Secretary of the State Election Board,

   b. the candidate shall swear an oath or affirm on the Statement of Candidacy that the candidate meets the qualifications for President of the United States set forth in the Constitution of the United States, and the candidate's signature shall be witnessed by a notary public;

3. The Statement of Candidacy shall be accompanied by a certification of the name and address of residence for each candidate for Presidential Elector pledged to the independent candidate for President of the United States. The number of electors so certified shall be equal to the number apportioned to the State of Oklahoma pursuant to the provisions of Section 1 of Article II of the United States Constitution. Each candidate for Presidential Elector so nominated shall subscribe to an oath prescribed by the Secretary of the State Election Board, which shall be in the same manner, substance and form as the oath described in Section 10-102 of this title;

   4. a. the Statement of Candidacy shall be accompanied by a petition supporting a candidate's filing,

      b. the form of the petition shall be prescribed by the Secretary of the State Election Board. Each page of the petition must contain the names of registered voters from a single county,

      c. the petition shall bear the same number of signatures of registered voters that is required to form a recognized political party as described in Section 1-108 of this title,

      d. within thirty (30) days after receipt of the petition, the Secretary of the State Election Board shall determine the sufficiency of the petition,

→   e. in lieu of the petition required by this subsection, a filing fee for each Presidential Elector committed to the independent candidate for President of the United

16-341. <u>Nomination petition; method and time of filing; form; qualifications and number of petitioners required</u>

A. Any qualified elector who is not a registered member of a political party that is recognized pursuant to this title may be nominated as a candidate for public office otherwise than by primary election or by party committee pursuant to this section.

B. This article shall not be used to place on the general election ballot the name of a political party that fails to meet the qualifications specified in section 16-802 or 16-804, or the name of any candidate representing such party or the name of a candidate who has filed a nomination petition in the immediately preceding primary election and has failed to qualify as the result of an insufficient number of valid signatures.

C. A nomination petition stating the name of the office to be filled, the name and residence of the candidate and other information required by this section shall be filed with the same officer with whom primary nomination papers and petitions are required to be filed as prescribed in section 16-311. Except for candidates for the office of presidential elector filed pursuant to this section, the petition shall be filed not less than ninety nor more than one hundred twenty days before the primary election. The petition shall be signed only by voters who have not signed the nomination petitions of a candidate for the office to be voted for at that primary election.

D. The nomination petition shall be in substantially the following form:

The undersigned, qualified electors of _____ county, state of Arizona, do hereby nominate _____, who resides at _____ in the county of _____, as a candidate for the office of _____ at the general (or special, as the case may be) election to be held on the _____ day of _____, _____.

I hereby declare that I have not signed the nomination petitions of any candidate for the office to be voted for at this primary election, and I do hereby select the following designation under which name the said candidate shall be placed on the official ballot (here insert such designation not exceeding three words in length as the signers may select).

E. The nomination petition shall conform as nearly as possible to the provisions relating to nomination petitions of candidates to be voted for at primary elections and shall be signed by at least the number of persons who are registered to vote determined by calculating three percent of the persons who are registered to vote of the state, county, subdivision or district for which the candidate is nominated who are not members of a political party that is qualified to be represented by an official party ballot at the next ensuing primary election and accorded representation on the general election ballot.



F. The percentage of persons who are registered to vote necessary to sign the nomination petition shall be determined by the total number of registered voters from other than political parties that are qualified to be represented by an official party ballot at the next ensuing primary election and accorded representation on the general election ballot in the state, county, subdivision or district on March 1 of the year in which the general election is held. Notwithstanding the method prescribed by subsection E of this section and this subsection for calculating the minimum number of signatures necessary, any person who is registered to vote in the state, county, subdivision or district for which the candidate is nominated is eligible to sign the nomination petition without regard to the signer's party affiliation.

**Statute Text**    MARYLAND

Article - Election Law

§5–703.

(a) Except for a candidate for a nonpartisan county board of education, this section applies to any candidate for public office subject to this title.

(b) A candidate for a public office may be nominated by petition under this subtitle if the candidate is not affiliated with any political party.

(c) (1) A candidate for public office who seeks nomination by petition shall file a declaration of intent to seek nomination by petition.

(2) The declaration of intent shall be filed with the board at which the candidate files a certificate of candidacy under Subtitle 3 of this title.

(3) The declaration of intent shall be filed as follows:

(i) not later than the first Monday in July; and

(ii) for a special election to fill a vacancy for Representative in Congress, by the date and time specified in the Governor's proclamation.

(4) A candidate who seeks nomination by petition may not be charged a fee for filing the declaration of intent.

(d) (1) A candidate for public office who seeks nomination by petition shall file a certificate of candidacy not later than 5 p.m. on the first Monday in August in the year of the general election for the office.

(2) Except for the time of filing, the certificate of candidacy for a candidate who seeks nomination by petition shall comply with the requirements for a certificate of candidacy under Subtitle 3 of this title.

(e) (1) A candidate who seeks nomination by petition may not have the candidate's name placed on the general election ballot unless the candidate files with the appropriate board petitions signed by the lesser of 10,000 registered voters or 1% of the total number of registered voters who are eligible to vote for the office for which the nomination by petition is sought, except that the petitions shall be signed by at least 250 registered voters who are eligible to vote for the office.

(2) The petitions shall be filed as required in Title 6 of this article.

(3) The number of registered voters required to satisfy the requirements of paragraph (1) of this subsection shall be determined as of January 1 of the year of the

## 2017 Minnesota Statutes

### 204B.08 SIGNING PETITIONS.

Subdivision 1. **Time for signing.** Nominating petitions shall be signed during the period when petitions may be filed as provided in section 204B.09.

Subd. 2. **Qualifications of signers.** A nominating petition may be signed only by individuals who are eligible to vote for the candidate who is nominated. No individual may sign more than one nominating petition for candidates for the same office unless more than one candidate is to be elected to that office. If more than one candidate is to be elected to the office, an individual may sign as many petitions as there are candidates to be elected.

Subd. 3. **Number of signatures.** The number of signatures required on a nominating petition shall be as follows:

(a) for a federal or state office voted on statewide, one percent of the total number of individuals voting in the state at the last preceding state general election, or 2,000, whichever is less;

(b) for a congressional office, five percent of the total number of individuals voting in the district at the last preceding state general election, or 1,000, whichever is less;

(c) for a county or legislative office, ten percent of the total number of individuals voting in the county or legislative district at the last preceding state or county general election, or 500, whichever is less;

(d) for a municipal office in a city of the first class, the number specified in section 205.121; and

(e) for any other municipal or school district office, ten percent of the total number of individuals voting in the municipality, ward, school district, or other election district at the last preceding municipal, or school district if applicable, general election, or 500, whichever is less.

**History:** *1981 c 29 art 4 s 8; 1990 c 453 s 3; 1999 c 132 s 17; 2008 c 244 art 2 s 17*

Copyright © 2017 by the Revisor of Statutes, State of Minnesota. All rights reserved.

